UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TWENTIETH CENTURY FOX HOME      Case no. 14-81349-CIV-KAM
ENTERTAINMENT LLC,

Plaintiffs,

vs.

NISSIM CORP.,

Defendant.
_____/

PARAMOUNT PICTURES CORP,     Case no. 14-81350-CIV-KAM

Plaintiffs,

vs.

NISSIM CORP.,

Defendant.
_____/

## OPINION AND ORDER[1]

This cause is before the Court upon Plaintiffs Twentieth Century Fox Home Entertainment LLC, Metro-Goldwyn-Mayer Studios Inc. and Metro-Goldwyn-Mayer Home Entertainment LLC's Motion to Dismiss Nissim's Second Amended Counterclaims (DE 73 in case no. 14-81349) and Plaintiffs Paramount Pictures Corporation, Paramount Home Entertainment Inc. and Paramount Home Entertainment Distribution Inc.'s Motion to Dismiss Nissim's Second Amended Counterclaims (DE 84 in case no. 14-81350). The Motions are fully briefed and ripe for review. The Court has carefully considered the Motions and is otherwise

---

[1] The Court presumes familiarity with its prior Orders.

fully advised in the premises.

I. Background

On March 12, 2015, the Court entered an order granting Plaintiffs' motion to dismiss the counterclaims and providing Defendant with leave to amend. The Court dismissed the counterclaims pursuant to 35 U.S.C. § 271(b),[2] (c),[3] and (f),[4] finding the allegations lacked adequate factual detail.  Specifically, the counterclaims did not provide a factual basis demonstrating that Plaintiff had knowledge of the patents or that Plaintiffs possessed sufficient

---

[2] Under 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271

[3] Under § 271(c), "[w]hoever offers to sell or sells within the United States or imports into the United States  a component of a patented machine, manufacture, combination or composition or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."  35 U.S.C. 271(c).

[4] 35 U.S.C. § 271(f)(1) and (2) provide:

(f)(1) Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

(2) Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

35 U.S.C. § 271(f)(1) and (2).

intent. The counterclaims also failed to show the relationship between Plaintiffs, the "end users" and the unlicensed disc players. (DE 67.)

Plaintiffs now contend that the Second Amended Counterclaims asserting the 271(b), (c), and (f) claims fail to plead facts that create a reasonable inference of specific intent. Defendant, however, highlights the following allegations as demonstrating an adequate factual basis for specific intent:

> On information and belief, after acquiring knowledge of the [ ] patent as alleged above, [Plaintiffs] had specific intent to infringe the '805 patent. [Plaintiffs] are movie studios and have been manufacturers and distributors of DVD-Videos and BD-Videos. As such, [Plaintiffs] knowingly distributed or sold its DVD-Videos and BD-Videos to end-user consumers for playback in DVD-Devices and BD-Devices in use throughout the United States. Having designed and manufactured the DVD-Videos and BD-Videos according to technical specifications that embody the Nissim Patents' inventions, [Plaintiffs] intended that end users buy those products and use them in the same way as the Nissim Patents' inventions. With respect to DVD-Videos and BD-Videos having Seamless Play capability, [Plaintiffs] both promoted the capability of multiple version playback and informed end users of their ability to select among multiple versions when DVD-Videos and BD-Videos are played in DVD-Devices and BD-Devices. With respect to DVD-Videos and BD-Videos having User Operation Control capability, [Plaintiffs] prevented end users from using the videos in anything but an infringing manner. Moreover, [Plaintiffs] took no steps to limit the distribution or sale of their DVD-Videos and BD-Videos to end-user consumers who operated DVD-Devices that were made and sold under a license from Nissim, thus naturally, foreseeably and inevitably resulting in those DVD-Videos and BD-Videos being used in combination with unlicensed DVD-Devices that were made and sold without authorization from Nissim.

(Counterclaim ¶¶ 90, 99, 108, 117, 128.)

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

3

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

    III.  Discussion

    The parties agree that infringement claims brought pursuant to 35 U.S.C. § 271(b), (c), and (f) require a showing of specific intent. MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1378 (Fed. Cir. 2005) (under section 271(b), the patentee must show that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement to establish a claim for induced infringement); Hewlett-Packard Co. v. Bausch & Lomb, 909 F.2d 1464, 1469 n.4 (Fed. Cir. 1990) (section 271(c) not only requires knowledge that the component was especially made or adapted for a particular use but also knowledge of the patent which proscribed that use); Liquid Dynamics Corp. v. Vaughan Co.,

Inc., 449 F.3d 1209, 1222-23 (Fed. Cir. 2006) (Section 271(f) claims require a showing of specific intent to infringe).

Most recently, the United States Supreme Court has explained that the scienter element for induced infringement "requires that the defendant *actively* induced infringement." Commil USA, LLC v. Cisco Systems, Inc., No. 13-896, 2015 WL 2456617, at * 8 (May 26, 2015) (internal quotation marks omitted) (emphasis added).  In discussing specific intent, the Federal Circuit has explained that the "mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." DSU Medical Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1305 (Fed. Cir. 2006) (in the context of section 271(b)).  Examples of active steps that encourage direct infringement include advertising an infringing use or instructing on how to engage in an infringing use.  Id. at 1305-06; see also Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1364 n.4 (Fed. Cir. 2006) (it was "undisputed that the defendant had notice of the patent . . . and that defendant provided [an] instruction sheet to customers directing them to perform specific acts leading to the assembly of infringing devices, from which the district court could draw an inference of intent"); Mentor H/S, Inc. v. Med. Device Alliance, Inc., 244 F.3d 1365, 1379 (Fed. Cir. 2001) (upholding a jury verdict of induced infringement where the defendant was aware of the patent yet chose to continue selling products designed specifically for use in an infringing manner).  It is not enough that a defendant merely had knowledge of the acts alleged to constitute inducement, but a defendant must possess the specific intent to encourage another's infringement.  DSU, 471 F.3d at 1305-06.

Here, the Complaint does not allege any facts that demonstrate that Plaintiffs knew they

were inducing or contributing to the use by end-users of unlicensed disc players to infringe Defendant's patent.  Nor does the Complaint allege any active steps taken by Plaintiffs or any conduct by Plaintiffs to encourage direct infringement.  See, e.g., U.S. Water Svcs., Inc. v. Novozymes A/S, 25 F. Supp. 3d 1088, 1094 (W.D. Wisc. 2014) (the complaint alleged that the alleged infringer instructed potential customers to buy their product and use it in the same way as the patentee's patented methods); Conair Corp. v. Jarden Corp., No. 13–cv–6702 (AJN), 2014 WL 3955172, at * 3 (S.D.N.Y. Aug. 12, 2014) (the complaint alleged intent by putting the alleged infringer on notice by letter); E. Digital Corp. v. Intel Corp., No. 13–cv–2905–H–BGS, 2014 WL 2581061, at * 3 (S.D. Cal. Apr. 24, 2014) (complaint alleged that the alleged infringer provided customers with product literature on how to use the product in infringing manner).[5]

For the foregoing reasons, the Court grants Plaintiffs' motions to dismiss the counterclaims.  Defendant may amend, **assuming it can do so in good faith and in compliance with Rule 11 of the Federal Rules of Civil Procedure**.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs Twentieth Century Fox Home Entertainment LLC, Metro-Goldwyn-Mayer Studios Inc. and Metro-Goldwyn-Mayer Home Entertainment LLC's Motion to Dismiss Nissim's Second Amended Counterclaims (DE 73 case no. 14-81349) and Plaintiff Paramount Pictures Corporation,

---

[5] Zond, LLC v. Toshiba Corp. does not help Defendant because, although that case stated that intent could be inferred from the defendant's knowledge, the Complaint also alleged that the defendant "actively entice[d] [manufacturers] through advertising, marketing and sales activity to use [the defendant's device] as part of [its] own infringing products"  Zond, LLC v. Toshiba Corp., No. 13–cv–11581–DJC, 2014 WL 4056024, at *1, *6.  There are no facts that suggest such enticement here.

Paramount Home Entertainment Inc. and Paramount Home Entertainment Distribution Inc.'s Motion to Dismiss Nissim's Second Amended Counterclaims (DE 84 in case no. 14-81350) are **GRANTED**.   Defendant is granted leave to amend **within 14 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st  day of June, 2015.

_____
KENNETH A. MARRA
United States District Judge